NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

PATRICK W. HACKETT, PETITIONER, v. MARTIN H. LANGE, DEFENDANT.

**Femoral Hernia—Statutory Requirements All Present.**

\*       \*       \*       \*  ·      \*       \*       \*       \*

1. That some time during the forepart of November, 1925, the said petitioner was employed by the respondent as a plumber and steam fitter, working at the Chevrolet export plant No. 2, Grove street, Bloomfield, New Jersey, at a weekly wage of $60.50. On November 19th, 1925, while engaged in the duties of his employment, said petitioner was pulling up on a fitting when the wrench which he was using slipped and struck him in the groin, on the right side. This accident immediately brought on an injury known as femoral hernia.

2. The testimony produced at the trial showed that the petitioner was rendered semi-unconscious and unable to stand up and continue his work. A fellow workman had to assist him to the office of his employer, and the petitioner notified

his employer of the accident the same afternoon. Petitioner, on the same day, consulted Dr. Morgan D. Hughes, a licensed physician of the town of Bloomfield, New Jersey, who, after an examination, informed petitioner that he was suffering from the above-mentioned femoral hernia, and that an operation was necessary. Petitioner later submitted to an operation, and paid the sum of $220 for the operation and hospital expenses incidental thereto. Petitioner was unable to return to his employment until December 21st, 1925.

3. The testimony offered conclusively proved that the hernia was immediately caused by such effort or severe strain that the descent of the hernia immediately followed the cause; that there was severe pain in the hernial region; that there was such prostration that petitioner was compelled to cease work immediately; that the above facts were of such severity that the same was noticed by petitioner and communicated to the employer within twenty-four hours after the occurrence of the hernia; that there was such physical distress that the attendance of a licensed physician was required within twenty-four hours after the occurrence of the hernia.

4. In my opinion the section of the hernia clause which provides "that there was such prostration that the employe was compelled to cease work immediately," means that he became incapacitated to the extent that he had to stop work at once, and not necessarily that he remained prone on the floor, practically unconscious, and unable to get up. The word "prostration" is modified by the word "such," which indicates that the entire clause must be considered in conjunction with the qualifying word "such." Accordingly, if there is such "weakness" or depression of the bodily functions that, as a result of the accident, he is compelled to cease work immediately, I am of the opinion he has fulfilled the third requirement of the act. Such was the case here, and having complied with the other provisions of the act he is entitled to an award.

\*      \*      \*      \*      \*      \*      \*      \*

HARRY J. GOAS,
*Deputy Commissioner.*